**Hearing Date & Time: To be set by the Court**
**Objection Deadline: To be set by the Court**

Craig A. Wolfe
Jason R. Alderson
T. Charlie Liu
David K. Shim
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001
craig.wolfe@morganlewis.com
jason.alderson@morganlewis.com
charlie.liu@morganlewis.com
david.shim@morganlewis.com

*Proposed Counsel for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SOLSTICE MARKETING CONCEPTS LLC, | Case No. 21-10306 (MG) |
| Debtor.[1] | |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE *NUNC PRO TUNC* REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF ANY REMAINING PROPERTY IN CONNECTION THEREWITH; AND (II) APPROVING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

> **THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY. PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO DETERMINE IF THEIR CONTRACTS OR LEASE(S) ARE INCLUDED IN THE MOTION OR THE EXHIBITS ATTACHED THERETO.**

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: Solstice Marketing Concepts LLC (4579).

Solstice Marketing Concepts LLC (the "Debtor")[1], as debtor and debtor in possession in the above-referenced chapter 11 case (the "Chapter 11 Case"), by and through counsel, hereby files this motion (the "Motion") seeking an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief requested herein.  In support of this Motion, the Debtor respectfully states as follows:

## BACKGROUND

1.      The Debtor, a Delaware limited liability company, is a brick and mortar and online retailer of designer, contemporary and sport sunglasses for women, men and children, operating under the brand name Solstice Sunglasses (www.solsticesunglasses.com).  On July 1, 2019, Fairway, LLC ("Fairway") purchased all of the membership interests of the Debtor from Safilo America, Inc., and Fairway now serves as the sole manager of the Debtor.

2.      On February 17, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  As of the Petition Date, the Debtor has 66 retail stores and approximately 95 full-time and 115 part-time employees.  The Debtor filed for chapter 11 relief because the ongoing COVID-19 pandemic has caused store revenue to drop more than half from approximately $49 million in calendar year 2019 to just under $22 million in 2020.  The Debtor intends to reorganize under the small debtor provisions (subchapter V) of chapter 11 of the Bankruptcy Code.

3.      Prior to the Petition Date, the Debtor engaged in a comprehensive review of the financial performance of the Debtor's retail stores and an analysis of its real estate lease portfolio. The analysis continued after the Debtor's chapter 11 petition was filed.  On February 18, 2021, the

---

[1] A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Debtor's Chapter 11 Case are set forth in greater detail in the *Declaration of Jacen A. Dinoff in Support of the Debtor's Chapter 11 Petition, First Day Motions and Related Filings* (the "First Day Declaration").

chief restructuring officer and management of the Debtor had a meeting with Fairway to discuss their conclusions with respect to the Debtor's real estate leases and executory contracts related to the Debtor's business. The meeting resulted in a resolution, dated February 18, 2021, to file this Motion and reject certain unexpired leases and contracts as set forth herein.

4.      The Debtor has determined, using its business judgment, to close certain retail stores (collectively, the "Rejected Locations") and reject their respective unexpired leases of nonresidential real property (the "Rejected Leases") and related contracts (the "Rejected Contracts"), to the extent that they are executory, as set forth on **Exhibit 1** to the Proposed Order. The Rejected Leases and the Rejected Contracts are inconsistent with the Debtor's go-forward business plan due to the Rejected Locations' underperformance. The Debtor has already ceased operating at all of the Rejected Locations and has vacated and surrendered or is in the process of vacating and surrendering the leased premises of the Rejected Leases in broom clean condition together with the keys to the applicable landlords. Accordingly, the Debtor seeks authorization to reject the (i) Rejected Contracts effective *nunc pro tunc* as of February 20, 2021, and (ii) Rejected Leases, effective *nunc pro tunc*, the later of (a) February 20, 2021 and (b) the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord, in each case as identified on **Exhibit 1** to the Proposed Order (collectively, the "Rejection Effective Date").

5.      The Debtor is also in the process of removing all personal property from the Rejected Locations that, in its business judgment, has more than *de minimis* value to the Debtor and its estate. Any remaining furniture, fixtures, equipment or other personal property will be abandoned (the "Abandoned Property"). The Abandoned Property is being left at the Rejected Locations because it is either prohibitively expensive or difficult to remove, relative to its value,

such that the economic benefits of removing the Abandoned Property are exceeded by the attendant costs thereof. Therefore, the Debtor requests authorization to abandon any Abandoned Property at the Rejected Locations as of the Rejection Effective Date.

6.       In addition to the rejection of the Rejected Leases and the Rejected Contracts, the Debtor seeks approval of certain procedures (the "Rejection Procedures") governing the future rejection of any other executory contracts and unexpired nonresidential real property leases (collectively, the "Contracts") that the Debtor may seek to reject before the conclusion of this Chapter 11 Case. Absent such relief, the Debtor would be required to file separate motions to reject each of the Contracts, resulting in substantial costs to and administrative burdens on the Debtor's estate in addition to burdening the Court's docket. To that end, the Debtor hereby requests approval of the Rejection Procedures to minimize such costs and burdens.

## JURISDICTION AND VENUE

7.       The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

8.       Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

9.       The statutory bases for the relief requested herein are sections 365 and 554 of the

Bankruptcy Code and Bankruptcy Rules 6006 and 6007, and Rules 6006-1 and 6007-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## RELIEF REQUESTED

10.    By this Motion, pursuant to sections 365 and 554 of the Bankruptcy Code, the

Debtor seeks entry of the Order, substantially in the form attached hereto as **Exhibit A**, authorizing

(a) rejection of the Rejected Leases and the Rejected Contracts, and the abandonment of any

Abandoned Property remaining on the leased premises, effective as of the Rejection Effective

Date, and (b) implementation of the following Rejection Procedures to govern the rejection of

other executory contracts and unexpired nonresidential real property leases in this Chapter 11

Case.

## THE PROPOSED REJECTION PROCEDURES

11.    To streamline the process of rejection of the Debtor's other contracts and leases and

to provide sufficient notice to affected contract counterparties and landlords, the Debtor seeks

authority to implement the following Rejection Procedures: [2]

    a.    <u>Rejection Notice</u>.  The Debtor shall file a notice substantially in the form attached as **Exhibit 2** to the Proposed Order (the "Rejection Notice") to reject one or more executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, which the Rejection Notice shall set forth, among other things: (i) the executory contract(s) or unexpired lease(s) to be rejected; (ii) the names and addresses of the counterparties to such Contracts (each a "Rejection Counterparty"); (iii) the proposed effective date of rejection for such Contracts (the "Rejection Date"); and (iv) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; provided that the number of Contracts listed on each Rejection Notice shall be limited to no more than one hundred (100).

    b.    <u>Service of the Rejection Notice</u>.  The Debtor will cause the Rejection Notice to be served (i) by first class mail or, by overnight mail to the extent the Contract is a lease for nonresidential real property, and email or fax if such contact

---

[2] For clarity, the Rejection Procedures only apply to unexpired leases and executory contracts *other than* the Rejected Leases and the Rejected Contracts.

information is known, upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known); and (ii) by first class mail or email upon (A) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); and (B) the Subchapter V trustee (the "Subchapter V Trustee").  (collectively, the "Rejection Notice Parties").

c.    Objection Procedures.  Parties objecting to a proposed rejection must file and serve a written objection so that such objection is filed with this Court on the docket of the Debtor's Chapter 11 Case and is actually received by the following parties (collectively, the "Objection Notice Parties") no later than fourteen (14) days after the date the Debtor files and serves the relevant Rejection Notice (the "Rejection Objection Deadline"): (a) the Debtor, Solstice Marketing Concepts LLC c/o KCP Advisory Group LLC, 700 Technology Park Drive, Suite 212, Billerica, MA 01821, Attn: Jacen A. Dinoff; (b) proposed counsel to the Debtor, Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178-0060, Attn: Craig A. Wolfe (craig.wolfe@morganlewis.com); (c) counsel to Second Avenue Capital Partners LLC, as administrative agent and collateral agent for the Debtor's debtor-in-possession credit facility, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com); (d) the Subchapter V Trustee, LaMonica Herbst & Maniscalco LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, Attn: Salvatore LaMonica (sl@lhmlawfirm.com); and (e) Office of the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Susan A. Arbeit (susan.arbeit@usdoj.gov).

d.    Event of No Objection.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtor and the applicable Rejection Counterparty agree; *provided, however* that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtor relinquishes control of the premises by notifying the affected landlord in writing of the Debtor's surrender of the premises and (A) turning over keys, key codes and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided, further* that the Rejection Date for a lease of nonresidential real property rejected pursuant to these Rejection Procedures (**other than for the Rejected Leases and the Rejected Contracts**) shall not occur earlier than the date the Debtor filed and served the applicable Rejection Notice.

e.    Unresolved Timely Objections.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the

Debtor shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Notice Parties.  If such objection is overruled or withdrawn, such Contract shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtor and the applicable Rejection Counterparty have agreed, or as ordered by the Court.

f.  <u>Treatment of Security Deposits</u>.  If the Debtor has deposited funds with a Rejection Counterparty as a security deposit or other similar arrangement, such counterparty may not set off or otherwise use such deposit without prior approval of the Court, unless the Debtor and the applicable Rejection Counterparty otherwise agree.

g.  <u>Abandoned Property</u>.  The Debtor is authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtor's personal property that may be located on the Debtor's leased premises that are subject to a rejected Contract (the "<u>Abandoned Property</u>").  Absent a timely objection, any and all property located on the Debtor's leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such Abandoned Property without liability to the Debtor or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.  <u>Proofs of Claim</u>.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in this Chapter 11 Case, and (ii) thirty (30) days after the later of (A) the applicable Rejection Date set forth in the Rejection Notice, if no objection is filed, or (B) the Rejection Date as ordered by the Court.  If no proof of claim is timely filed in the appropriate form, such claimant shall be forever barred, estopped and enjoined from (1) asserting such claim against any of the Debtor and its chapter 11 estate, and (2) participating in any distribution in the Debtor's Chapter 11 Case on account of such claim.

12.    The Debtor proposes the Rejection Procedures in an effort to streamline the Contract rejection process, consistent with applicable law, minimize costs to the Debtor's estate, reduce the burden on this Court, and provide the contract counterparties with adequate notice and an opportunity to object to proposed rejections.  The Debtor thus believes that use of the Rejection Procedures is in the best interests of the Debtor's estate, its creditors, its interest holders, and all other parties in interest.

## BASIS FOR RELIEF

**I.      Rejection of the Rejected Leases and the Rejected Contracts is an Appropriate Exercise of the Debtor's Business Judgment**

13.      Section 365(a) of the Bankruptcy Code allows a debtor-in-possession to "assume or reject any executory contract or unexpired lease of the debtor," after court approval.  11 U.S.C. § 365(a); *see also*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984).   The purpose of allowing rejection under section 365(a) is "to permit the trustee or debtor-in-possession to . . . renounce title to and abandon burdensome property."  *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993)); *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51–52 (Bankr. S.D.N.Y. 2004) ("The ability to reject provides the trustee or debtor-in-possession with the means to relieve the estate of the duty to perform on burdensome obligations at the expense of all of the estate's other creditors, and to avoid the incurrence of additional administrative expenses which lack a corresponding benefit to the estate.").

14.      Courts defer to a debtor's business judgment for such decisions.  Indeed, courts typically "approve motions to . . . reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment."  *Republic Airways,* 547 B.R. at 582 (quoting *In re MF Global Holdings Ltd.,* 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012)); *see also*, *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 523 (1984) (recognizing the business judgment standard used to approve rejection of executory contracts or unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.),* 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts).  Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and they generally will not second-guess a debtor's business

judgment concerning assumption or rejection.  *See In re MF Global Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *In re Balco Equities Ltd., Inc.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.").  Rejection of an executory contract or an unexpired lease is appropriate where such rejection is beneficial to a debtor's estate.  *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993); *In re Stable Mews Assocs.*, Inc., 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).

15.    The Debtor has determined in its business judgment that the rejection of the Rejected Leases and the Rejected Contracts is reasonable and necessary after the careful consideration of factors that included the respective benefits and costs.  The Debtor also believes that no meaningful value would be realized by deferring rejection of the Rejected Leases and the Rejected Contracts in the hope that an assignment transaction could materialize.  As such, the Debtor has determined that it will be unable to realize value from the Rejected Leases and the Rejected Contracts.

16.    The Debtor believes that accruing potential administrative expenses on account of the Rejected Leases and the Rejected Contracts will not offer any additional value to its estate and, thus, immediate rejection of the Rejected Leases and the Rejected Contracts is appropriate in order to relieve the burden on the Debtor's estate.  In this context, the Debtor, in its sound and reasonable business judgment, believes that the Rejected Leases and the Rejected Contracts are no longer necessary for the Debtor's businesses and that rejecting the Rejected Leases and the Rejected Contracts is in the best interests of the Debtor's and its creditors and stakeholders.

## II.        *Nunc Pro Tunc* Rejection is Appropriate

17.        Section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be applied retroactively.  *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively").  But courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of the order authorizing such rejection where the balance of equities favors such relief.  *See BP Energy Co. v. Bethlehem Steel Corp.*, No. 02 CIV. 6419 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *In re Jamesway Corp.*, 179 B.R. at 38 (same); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection) *cert. denied sub nom.*, 546 U.S. 814 (2005); *In re Thinking Machs., Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("[B]ankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation").

18.        In considering whether to approve retroactive rejection, courts examine a number of factors, including the costs that a delayed rejection date would otherwise impose on a debtor. *See Jamesway Corp.*, 179 B.R. at 38.  Courts also consider whether the debtor has provided sufficient notice of its intent to reject an unexpired lease of real property.  *See, e.g.*, *In re GCP CT School Acquisition LLC*, 429 B.R. 817, 832-32 (B.A.P. 1st Cir. 2010) (finding sale and settlement motions, in the aggregate, provided landlord with sufficient and reasonable notice that chapter 7

trustee intended to reject unexpired real property lease, and that the court had basis to exercise its equitable powers to order rejection to operate retroactively).  A debtor's timely surrender of leased premises weighs in favor of retroactive rejection because it enables a landlord to seek a new tenant in an expeditious manner.  *See, e.g.*, *In re Adelphia Bus. Solutions*, 482 F.3d 602, 608-09 (2d Cir. 2007) ("The Bankruptcy Court also properly considered that [the debtor] had vacated the premises and thereby provided [the landlord] with the opportunity to lease the premises to another tenant.").

19.    Permitting the retroactive rejection of executory contracts and unexpired nonresidential leases of real property is consistent with prior rulings in this and other circuits.  *See In re Furla (U.S.A.), Inc.*, Case No. 20-12604 (SCC), (Bankr. S.D.N.Y. Nov. 30, 2020) [Docket No. 49]; *In re Barneys New York, Inc.,* Case No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sep. 4, 2019) [Docket No. 216] (approving retroactive rejection of unexpired leases); *In re Glansaol Holdings Inc.*, Case No. 18-14102 (MEW) (Bankr. S.D.N.Y. Feb. 28, 2019) [Docket No. 222] (approving rejection of unexpired leases and executory contracts effective as of the date of the rejection motion); *In re Sears Holdings Corporation*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 19, 2018) [Docket No. 810] (authorizing retroactive rejection of leases); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. May 16, 2018) [Docket No. 206] (authorizing retroactive rejection); *In re FIC Restaurants, Inc.*, Case No. 20-12807 (CSS), Docket No. 151 (Bankr. D. Del. Nov. 17, 2020).

20.    The balance of the equities in this case favors approval of retroactive rejection of the Rejected Leases and the Rejected Contracts.  Specifically, the Debtor has ceased its operations at the Rejected Locations, and has unequivocally surrendered or is in the process of surrendering the leased premises and providing actual or constructive notice of its intent to reject the Rejected Leases and the Rejected Contracts to the applicable landlords and contract counterparties.  In

addition, the Debtor will promptly serve notice of this Motion by overnight mail to each of the applicable landlords and contract counterparties. Based on the foregoing, landlords and contract counterparties are not subject to any uncertainty regarding the Debtor's intent with respect to the Rejected Leases and the Rejected Contracts. Any postponement to the rejection of the Rejected Leases and the Rejected Contracts would compel the Debtor to compensate the landlords and the contract counterparties at the Debtor's and its estate's expense and force the Debtor potentially to incur unnecessary administrative expenses that provide no tangible benefit to the Debtor's estate. Such an outcome would be inequitable to the Debtor's other creditors.

21.     Based upon the foregoing facts and circumstances, the Debtor submits that rejection of the Rejected Leases and the Rejected Contracts, effective as of the Rejection Effective Date, is supported by the equities of the Chapter 11 Case, that the rejection is supported by the Debtor's sound business judgment, and is necessary, prudent and in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest.

**III.     Abandonment of the Abandoned Property Should Be Approved**

22.     Section 554(a) permits a debtor-in-possession to abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). A bankruptcy court must find either that the property is burdensome to the estate or is both of inconsequential value and inconsequential benefit to the estate. *See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986), *reh'g denied*, 475 U.S. 1091 (1986); *In re Texaco, Inc.*, 90 B.R. 38, 44 (S.D.N.Y. 1988); *In re Crowthers McCall Pattern, Inc.*, 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y. 1990).

23.     Courts in in this district and elsewhere have previously approved similar relief in other chapter 11 cases involving retail debtors. *See, e.g., In re Furla (U.S.A.), Inc.*, Case No. 20-

12604 (SCC), (Bankr. S.D.N.Y. Nov. 30, 2020) [Docket No. 49]; *In re Great Atl. & Pac. Tea Co., Inc.*, No. 15-23007 (RDD) (Bankr. S.D.N.Y. Jan. 22, 2016) [D.I. 2367]; *In re Metropark USA, Inc.*, No. 11-22866 (RDD) (Bankr. S.D.N.Y. May 5, 2011) [D.I. 50]; *In re FIC Restaurants, Inc*., Case No. 20-12807 (CSS), Docket No. 151 (Bankr. D. Del. Nov. 17, 2020).

24.    The Debtor submits that the Abandoned Property[3] is of inconsequential value or is otherwise burdensome to its estate to remove from the Rejected Locations.  Among other things, the Debtor believes that the cost of retrieving, marketing and reselling the Abandoned Property outweighs any recovery that the Debtor and its estate could reasonably hope to attain for such Abandoned Property.  As a result, the Debtor has determined in its business judgment that abandonment of the Abandoned Property, effective as of the Rejection Effective Date, is necessary and in the best interests of the Debtor's estate, its creditors and stakeholders.

## IV.    The Rejection Procedures Should be Approved

25.    The counterparties to the Contracts will not be prejudiced by the Rejection Procedures because, upon receipt of a Rejection Notice, such counterparties will have received advance notice of the Debtor's intent to reject its respective Contract and the effective date of such rejection.  *See, e.g.*, *In re Mid Region Petrol., Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject).  Additionally, in the case

---

[3] Local Bankruptcy Rule 6007-1 requires that notice of a proposed abandonment describe the property to be abandoned, state the reason for the proposed abandonment, and identify the entity to whom the property is proposed to be abandoned, unless the Court orders otherwise.  The Debtor submits that given the description of the Abandoned Property provided herein and the *de minimis* nature of such property, the requirements of Local Bankruptcy Rule 6007-1 have been satisfied.  Alternatively, to the extent the Court finds such information does not meet the requirements of Local Bankruptcy Rule 6007-1, the Debtor respectfully requests that the Court waive such requirements with respect to this Motion.

of unexpired leases of nonresidential real property, the Debtor will vacate the premises before or

upon serving the Rejection Notice, thereby allowing the counterparties to take possession of and

re-let the property promptly. *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608-

09 (2d Cir. 2007) (holding bankruptcy court did not abuse its discretion in finding balance of

equities favored making rejection of a nonresidential lease of real property retroactive to date

tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises);

*In re Amber's Stores*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should

be deemed rejected as of the petition date due to equities of the case where debtor turned over keys

and vacated premises and served motion to reject lease as soon as possible).

26.    As designed, the Rejection Procedures will allow the Debtor to efficiently

minimize administrative expenses for any Contracts subject to rejection and will eliminate

substantial legal expenses that would otherwise be incurred if multiple hearings were held on

separate motions with respect to every Contract that the Debtor seeks to reject.  The Rejection

Procedures are also fair and reasonable to Contract counterparties because they afford such parties

the opportunity to appear and be heard with respect to the rejection of their Contracts.  The ability

to reject burdensome Contracts is an important tool provided to the Debtor under the Bankruptcy

Code.

27.    As a procedural matter, "[a] proceeding to assume, reject, or assign an executory

contract or unexpired lease . . . is governed by Rule 9014." Fed. R. Bankr. P. 6006(a).  Bankruptcy

Rule 9014 provides that "[i]n a contested matter . . . , not otherwise governed by these rules, relief

shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded

the party against whom relief is sought." Fed. R. Bankr. P. 9014(a).  The notice and hearing

requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice

and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. §

102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an

opportunity for hearing "as [are] appropriate in the particular circumstances"). The Rejection

Procedures provide for notice to Contract counterparties and an opportunity to be heard at a

hearing, and thus satisfy the requirement of Bankruptcy Rules 6006(a) and 9014.

28.     Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to reject

multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule

6006(f). *See* Fed. R. Bankr. P. 6006(e). Bankruptcy Rule 6006(f) sets forth six (6) requirements

that motions to reject multiple executory contracts or unexpired leases must satisfy. *See* Fed. R.

Bankr. P. 6006(f). These requirements are procedural in nature. A motion to reject multiple

executory contracts or unexpired leases that are not between the same parties shall:

a)    state in a conspicuous place that parties receiving the omnibus motion
      should locate their names and their contracts or leases listed in the motion;

b)    list parties alphabetically and identify the corresponding contract or lease;

c)    be numbered consecutively with other omnibus motions to reject executory
      contracts or unexpired leases; and

d)    be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

29.     The Rejection Procedures satisfy Bankruptcy Rule 6006(f). The clear purpose of

Bankruptcy Rule 6006(f) is to protect the due process rights of counterparties to the Debtor's

Contracts. Counterparties must be able to locate their Contracts and readily determine whether

their executory contracts or unexpired leases are being rejected. The Debtor will comply with all

applicable procedural requirements of Bankruptcy Rule 6006(f) when serving the Rejection

Notices. Moreover, the Debtor submits that they have satisfied the requirements of Bankruptcy

Rule 6006(f) in regards to the Rejected Leases and the Rejected Contracts set forth on **Exhibit 1** of the Proposed Order.

30.    Under the circumstances, given the number of Rejected Leases and Rejected Contracts, obtaining separate Court approval of each rejection would impose unnecessary administrative burdens on the Debtor and the Court, and result in costs to the Debtor's estate that would decrease the economic benefits of rejection.  Therefore, the Debtor requests approval of the Rejection Procedures as the most efficient and economical way for the Debtor to address any rejection of its burdensome Contracts.

31.    Courts in this district have approved similar procedures in other chapter 11 cases. *See, e.g.*, *In re Grupo Aeromexico, S.A.B. de C.V.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. Oct. 17, 2020) [Docket No. 584]; *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. April 22, 2019) (approving procedures to reject executory contracts and unexpired leases); *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Mar. 8, 2018) (same); *In re BCBG Max Azria Global Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 29, 2017) (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Mar. 20, 2017) (same); *In re SunEdison, Inc.*, case No. 16-10992 (SMB) (Bankr. S.D.N.Y. May 15, 2016) (same); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. August 10, 2015) (same).

32.    In accordance with Bankruptcy Rule 6007(a), the Debtor will provide the U.S. Trustee, the Subchapter V Trustee, and other parties-in-interest with the requisite notice and an opportunity to object to any proposed abandonment of Abandoned Property.

33.    As a result, the Rejection Procedures afford Contract counterparties and all other parties-in-interest their due process rights by providing notice and the opportunity to be heard.

Moreover, the Court oversight is maintained in the event of an objection.  For the foregoing

reasons, the Rejection Procedures should be approved, and the Debtor should be authorized to

reject the Contracts consistent with the terms of such procedures.

## RESERVATION OF RIGHTS

34.     Nothing contained in this Motion or any actions taken by the Debtor pursuant to

relief granted in the order is intended or should be construed as: (a) an admission as to the validity

of any particular claim against the Debtor; (b) a waiver of the Debtor's or any other party-in-

interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to

pay any particular claim; (d) an implication or admission that any particular claim is of a type

specified or defined in this Motion; (e) a request or authorization to assume any agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the

Debtor's rights under the Bankruptcy Code or any other applicable law; (g) a waiver of any claims

the Debtor or its estate may have against any Contract counterparties; or (h) an admission that any

specific agreement is an executory contract or unexpired lease.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

35.     To implement the foregoing successfully, the Debtor requests that the Court enter

an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and

that the Debtor has established cause to exclude such relief from the 14-day stay period under

Bankruptcy Rule 6004(h).

## NOTICE

36.     The Debtor will provide notice of this Motion to: (i) the U.S. Trustee; (ii) the

Subchapter V Trustee; (iii) counsel to administrative agent and collateral agent for the Debtor's

debtor-in-possession credit facility; (iv) the Debtor's 20 largest unsecured creditors; (v) the

Internal Revenue Service; (vi) the Office of the United States Attorney for the Southern District of New York; (vii) counterparties to the Rejected Leases and the Rejected Contracts; and (viii) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b) or that requests notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided

## **NO PRIOR REQUEST**

37. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein, substantially in the form attached hereto as **Exhibit A**, and such other and further relief as is just and appropriate.

Dated: February 20, 2021
New York, NY

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/   Craig A. Wolfe
Craig A. Wolfe
Jason R. Alderson
T. Charlie Liu
David K. Shim
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001
craig.wolfe@morganlewis.com
jason.alderson@morganlewis.com
charlie.liu@morganlewis.com
david.shim@morganlewis.com

*Proposed Counsel for Debtor and Debtor-in-Possession*

## EXHIBIT A

**Proposed Order**

DB1/ 119295792.6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SOLSTICE MARKETING CONCEPTS LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 21-10306 (MG) |

**ORDER (I) AUTHORIZING THE *NUNC PRO TUNC* REJECTION
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF ANY REMAINING
PROPERTY IN CONNECTION THEREWITH; AND (II) APPROVING PROCEDURES
FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "Motion")[2] of Solstice Marketing Concepts LLC (the "Debtor"), as

debtor and debtor in possession in the above-referenced chapter 11 case, for entry of an order (this

"Order"), authorizing (a) rejection of certain executory contracts and unexpired leases of

nonresidential real property and abandonment of any personal property remaining on the leased

premises, effective as of the Rejection Effective Date, and (b) implementation of certain

procedures governing the rejection of executory contracts and unexpired nonresidential real

property leases in this Chapter 11 Case; and this Court having jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

found that notice of the Motion was appropriate under the circumstances and no other notice need

be provided; and this Court having reviewed the Motion and having heard the statements in support

of the relief requested therein at a hearing before this Court; and this Court having determined that

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: Solstice Marketing Concepts LLC (4579).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the legal and factual bases set forth in the Motion and at the hearing establish just cause for the

relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.       The Motion is **GRANTED** as set forth herein.

2.       The Rejected Leases and the Rejected Contracts identified on **Exhibit 1** attached

hereto are rejected pursuant to section 365 of the Bankruptcy Code, effective as of the Rejection

Effective Date set forth therein.

3.       The Debtor is authorized, but not directed, to abandon any Abandoned Property at

the Rejected Locations pursuant to section 554(a) of the Bankruptcy Code, effective as of the

Rejection Effective Date.

4.       The following Rejection Procedures are approved in their entirety:

a.       Rejection Notice.  The Debtor shall file a notice substantially in the form
attached as **Exhibit 2** to this Order (the "Rejection Notice") to reject one or
more executory contracts or unexpired leases pursuant to section 365 of the
Bankruptcy Code, which the Rejection Notice shall set forth, among other
things: (i) the executory contract(s) or unexpired lease(s) to be rejected; (ii) the
names and addresses of the counterparties to such Contracts (each a "Rejection
Counterparty"); (iii) the proposed effective date of rejection for such Contracts
(the "Rejection Date"); and (iv) the deadlines and procedures for filing
objections to the Rejection Notice (as set forth below).  The Rejection Notice
may list multiple Contracts; provided that the number of Contracts listed on
each Rejection Notice shall be limited to no more than one hundred (100).

b.       Service of the Rejection Notice.  The Debtor will cause the Rejection Notice to
be served (i) by first class mail or, by overnight mail to the extent the Contract
is a lease for nonresidential real property, and email or fax if such contact
information is known, upon the Rejection Counterparties affected by the
Rejection Notice at the notice address provided in the applicable Contract (and
upon such Rejection Counterparty's counsel, if known); and (ii) by first class
mail or email upon (A) the Office of the United States Trustee for the Southern
District of New York (the "U.S. Trustee"); and (B) the Subchapter V trustee
(the "Subchapter V Trustee").  (collectively, the "Rejection Notice Parties").

c.       Objection Procedures.  Parties objecting to a proposed rejection must file and
serve a written objection so that such objection is filed with this Court on the

docket of the Debtor's Chapter 11 Case and is actually received by the following parties (collectively, the "Objection Notice Parties") no later than fourteen (14) days after the date the Debtor files and serves the relevant Rejection Notice (the "Rejection Objection Deadline"): (a) the Debtor, Solstice Marketing Concepts LLC c/o KCP Advisory Group LLC, 700 Technology Park Drive, Suite 212, Billerica, MA 01821, Attn: Jacen A. Dinoff; (b) proposed counsel to the Debtor, Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178-0060, Attn: Craig A. Wolfe (craig.wolfe@morganlewis.com); (c) counsel to Second Avenue Capital Partners LLC, as administrative agent and collateral agent for the Debtor's debtor-in-possession credit facility, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com); (d) the Subchapter V Trustee, LaMonica Herbst & Maniscalco LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, Attn: Salvatore LaMonica (sl@lhmlawfirm.com); and (e) Office of the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Susan A. Arbeit (susan.arbeit@usdoj.gov).

d.   Event of No Objection.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtor and the applicable Rejection Counterparty agree; *provided, however* that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtor relinquishes control of the premises by notifying the affected landlord in writing of the Debtor's surrender of the premises and (A) turning over keys, key codes and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided, further* that the Rejection Date for a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtor filed and served the applicable Rejection Notice.

e.   Unresolved Timely Objections.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtor shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Notice Parties.  If such objection is overruled or withdrawn, such Contract shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtor and the applicable Rejection Counterparty have agreed, or as ordered by the Court.

f.   Treatment of Security Deposits.  If the Debtor has deposited funds with a Rejection Counterparty as a security deposit or other similar arrangement, such counterparty may not set off or otherwise use such deposit without prior

approval of the Court, unless the Debtor and the applicable Rejection Counterparty otherwise agree.

g.    <u>Abandoned Property</u>.  The Debtor is authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtor's personal property that may be located on the Debtor's leased premises that are subject to a rejected Contract (the "<u>Abandoned Property</u>").  Absent a timely objection, any and all property located on the Debtor's leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such Abandoned Property without liability to the Debtor or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.    <u>Proofs of Claim</u>.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in this Chapter 11 Case, and (ii) thirty (30) days after the later of (A) the applicable Rejection Date set forth in the Rejection Notice, if no objection is filed, or (B) the Rejection Date as ordered by the Court.  If no proof of claim is timely filed in the appropriate form, such claimant shall be forever barred, estopped and enjoined from (1) asserting such claim against any of the Debtor and its chapter 11 estate, and (2) participating in any distribution in the Debtor's Chapter 11 Case on account of such claim.

5.    Approval of the Rejection Procedures and this Order will not prevent the Debtor from seeking to reject, assume or assume and assign a Contract by separate motion.

6.    The form of Rejection Notice annexed to this Order as **<u>Exhibit 2</u>** is approved.

7.    Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to

section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights or the rights of any other party-in-interest under the Bankruptcy Code or any other applicable law; (g) a waiver of any claims the Debtor or its estate may have against the Rejection Counterparties; or (h) an admission that any specific agreement is an executory contract or unexpired lease.

9.      All rights and defense of the Debtor and the Contract counterparties are preserved, including all rights and defense of the Debtor with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtor's ability to subsequently assert that any particular Contract is terminated, expired or otherwise no longer an executory contract or unexpired leases of nonresidential real property.

10.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

11.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.      The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

14.      This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
     New York, NY

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Rejected Leases and Contracts[1]

*Rejected Leases*

| Landlord Counterparty | Real Property Lease Street Address | | | | Rejection Effective Date |
|---|---|---|---|---|---|
| | **Street Address** | **City** | **State** | **ZIP** | |
| Brookfield Properties | Baybrook Mall - Store 1047<br>1354 Baybrook Mall | Friendswood | TX | 77546 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |
| Brookfield Properties | Baton Rouge - Store 1066<br>The Mall of Louisiana<br>6401 Bluebonnet Blvd, Space 1044 | Baton Rouge | LA | 70836 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |

---

[1] The inclusion of a contract on this list does not constitute an admission as to the executory or non-executory nature of the contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such contract.

| Landlord Counterparty | Real Property Lease Street Address | | | | Rejection Effective Date |
| --- | --- | --- | --- | --- | --- |
| | Street Address | City | State | ZIP | |
| Brookfield Properties | Glendale - Store 1005<br>2157 Glendale Galleria, Suite CU04 | Glendale | CA | 91210 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |
| c/o Cushman and Wakefield | 500 Fifth Avenue - Store 1141<br>500 Fifth Ave, 126, Storage Space 9 | New York | NY | 10010 | 02/20/21 |
| JLL | Fort Lauderdale - Store 1082<br>The Galleria at Ft. Lauderdale<br>2482 E. Sunrise Blvd. | Fort Lauderdale | FL | 33304 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |

| Landlord Counterparty | Real Property Lease Street Address | | | | Rejection Effective Date |
|---|---|---|---|---|---|
| | Street Address | City | State | ZIP | |
| Macerich | Tysons Corner - Store 1006<br>1961 Chain Bridge Road, Space G17L | McLean | VA | 22102 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |
| Macerich | Corte Madera - Store 1014<br>The Village at Corte Madera<br>1732 Redwood Highway | Corte Madera | CA | 94925 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |
| Macerich | Kierland Commons - Store 1134<br>15034 North Scottsdale Road, Suite 105 | Scottsdale | AZ | 85254 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |

| Landlord Counterparty | Real Property Lease Street Address | | | | Rejection Effective Date |
|---|---|---|---|---|---|
| | Street Address | City | State | ZIP | |
| Macerich | Santa Monica Place - Store 1138<br>395 Santa Monica Place, Suite 205W | Santa Monica | CA | 90401 | 02/20/21 |
| Macerich | Queens Center - Store 1139<br>90-15 Queens Boulevard, Space 5040 | Elmhurst | NY | 11373 | 02/20/21 |
| Macerich | Broadway Plaza - Store 1145<br>1275 Broadway Plaza Space #1032 | Walnut Creek | CA | 94596 | 02/20/21 |
| Macerich | Niagara Falls - Store 2619<br>Fashion Outlets of Niagara Falls<br>1864 Military Road, Space 35 | Niagara Falls | NY | 14304 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |
| McGladrey | Colony Park - Store 1106<br>Renaissance at Colony Park<br>1000 Highland Colony Parkway Suite 7003 | Ridgeland | MS | 39157 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |

| Landlord Counterparty | Real Property Lease Street Address | | | | Rejection Effective Date |
|---|---|---|---|---|---|
| | Street Address | City | State | ZIP | |
| Shops at Canal Place LLC | Canal Place - Store 1074 The Shops at Canal Place 333 Canal Street, Suite 218 | New Orleans | LA | 70130 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |
| The Feil Organization | Lakeside Galleria - Store 1075 3301 Veterans Memorial Blvd., Space 71 | Metairie | LA | 70002 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |
| The Pyramid Companies | Palisades Center - Store 1043 1432 Palisades Center Drive, Space B102 | West Nyack | NY | 10994 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |

| Landlord Counterparty | Real Property Lease Street Address | | | | Rejection Effective Date |
| --- | --- | --- | --- | --- | --- |
| | Street Address | City | State | ZIP | |
| The Taubman Company | Short Hills - Store 1011<br>The Mall at Short Hills<br>1200 Morris Turnpike, #C242 | Short Hills | NJ | 07078 | Effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying the affected landlord in writing and turning over keys, key codes and security codes, if any, to such landlord |
| Westfield LLC | World Trade Center - Store 1144<br>185 Greenwich Street LL5140 | New York | NY | 10007 | 02/20/21 |

## Rejected Contracts

| Contract Counterparty | Description of Contract | Rejection Effective Date |
| --- | --- | --- |
| Attentive Mobile Inc | Text marketing firm | 02/20/21 |
| CENTURYLINK | Internet and phone provider | 02/20/21 |
| Concur Technologies, Inc. | Expense management systems | 02/20/21 |
| Metropolitan Telecommunications | Internet and phone provider | 02/20/21 |
| Netwolves Network Service | Local networking provider | 02/20/21 |
| PCNMICRO Corp | License supplier | 02/20/21 |
| SOS Security LLC | Onsite security | 02/20/21 |
| Spectrotel Holding Company | Internet and phone provider | 02/20/21 |

| | | |
|---|---|---|
| Tekscape Inc | Outside IT help desk | 02/20/21 |
| Tradeglobal LLC | Logistics for ecommerce | 02/20/21 |
| Visual Marketing Partners | Printing and design | 02/20/21 |
| Vology Inc | Outside IT helpdesk | 02/20/21 |
| Weeks Lerman Group LLC | Office supplies | 02/20/21 |
| Good Design Studios | Graphic Designer | 02/20/21 |
| Safilo | Merchandise Purchase Agreement / Seller Note Financing Agreement / Corporate Lease Agreement | 02/20/21, and with respect to the corporate lease agreement, the effective date of rejection will be the later of February 20, 2021 and the date the Debtor surrenders possession of the premises by notifying Safilo in writing and turning over keys, key codes and security codes, if any. |

## __EXHIBIT 2__

**Rejection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SOLSTICE MARKETING CONCEPTS LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 21-10306 (MG) |

**NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS**
**AND/OR UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

> **PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE NOTICE**
> **TO DETERMINE IF THEIR NAMES(S), CONTRACT(S) OR LEASE(S)**
> **ARE LISTED IN THE SCHEDULE ATTACHED HERETO AND**
> **READ THE CONTENTS OF THIS NOTICE CAREFULLY**

**PLEASE TAKE NOTICE** that on [                    ], 2021, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order approving the *Debtor's Motion for Entry of an Order (I) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property and Abandonment of Any Remaining Property in Connection Therewith Effective Nunc Pro Tunc to February 20, 2021; and (II) Approving Procedures for the Rejection of Executory Contracts and Unexpired Leases* [Docket No. __] (the "Motion") filed by Solstice Marketing Concepts LLC (the "Debtor")[2], as debtor and debtor in possession in the above-referenced chapter 11 case (the "Chapter 11 Case"), approving procedures for the rejection of executory contracts and unexpired leases of

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: Solstice Marketing Concepts LLC (4579).

[2] A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Debtor's Chapter 11 Case are set forth in greater detail in the *Declaration of Jacen A. Dinoff in Support of the Debtor's Chapter 11 Petition, First Day Motions and Related Filings* (the "First Day Declaration").

nonresidential real property and granting related relief [Docket No __] (the "<u>Procedures Order</u>"). A copy of the Procedures Order is attached hereto as **<u>Schedule 1</u>**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "<u>Rejection Notice</u>"), the Debtor hereby notifies you that it has determined, in the exercise of its business judgment, that each Contract set forth on **<u>Schedule 2</u>** attached hereto is hereby rejected effective as of the date (the "<u>Rejection Date</u>") set forth therein, or such other date as the Debtor and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtor's Chapter 11 Case and is actually received by the following parties no later than fourteen (14) days after the date that the Debtor served this Rejection Notice: (a) the Debtor, Solstice Marketing Concepts LLC c/o KCP Advisory Group LLC, 700 Technology Park Drive, Suite 212, Billerica, MA 01821, Attn: Jacen A. Dinoff; (b) proposed counsel to the Debtor, Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178-0060, Attn: Craig A. Wolfe (craig.wolfe@morganlewis.com); (c) counsel to Second Avenue Capital Partners LLC, as administrative agent and collateral agent for the Debtor's debtor-in-possession credit facility, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com); (d) the Subchapter V trustee, LaMonica Herbst & Maniscalco LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793, Attn: Salvatore LaMonica (sl@lhmlawfirm.com); and (e) Office of the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Susan A. Arbeit (susan.arbeit@usdoj.gov).  Only those responses that are timely filed, served and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the applicable Rejection Date set forth in **Schedule 2**, or such other date as the Debtor and the applicable Contract counterparty agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtor shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the applicable Rejection Date set forth in **Schedule 2** or such other date as the Debtor and the Contract counterparty agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtor has deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtor and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtor that is located and remaining on the Debtor's leased premises including furniture, fixtures, equipment, or other personal property on the Rejection Date shall be deemed abandoned by the Debtor (the "<u>Abandoned Property</u>") as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of the Court, utilize or dispose of such

---

[3] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

3

Abandoned Property without notice or liability to the Debtor or third-parties and, to the extent applicable, the automatic stay has been modified to allow such disposition.

      **PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (i) the claims bar date established in the Chapter 11 Case, if any, and (ii) 30 days after the later of (A) the Rejection Objection Deadline, if no objection is filed, and (B) in the event of an objection, the date of the entry of an order resolving such objection. **IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, AND (2) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM.**

Dated: _____ 2021
     New York, NY

                          **MORGAN, LEWIS & BOCKIUS LLP**

                          By: /s/_____
                          Craig A. Wolfe
                          Jason R. Alderson
                          T. Charlie Liu
                          David K. Shim
                          101 Park Avenue
                          New York, NY 10178
                          Telephone: (212) 309-6000
                          Facsimile:  (212) 309-6001
                          craig.wolfe@morganlewis.com
                          jason.alderson@morganlewis.com
                          charlie.liu@morganlewis.com
                          david.shim@morganlewis.com

                          *Proposed Counsel for Debtor and Debtor-in-Possession*

# SCHEDULE 1

**Procedures Order**

## SCHEDULE 2

### Rejected Leases and Contracts[1]

*Rejected Leases*

| Landlord Counterparty | Real Property Lease Street Address | | | | Rejection Date |
|---|---|---|---|---|---|
| | Street Address | City | State | ZIP | |
| | | | | | |

*Rejected Contracts*

| Contract Counterparty | Description of Contract | Rejection Date |
|---|---|---|
| | | |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.